CHARLES F. CROW AND WIFE, BERTHA B. CROW, v. CALVIN ZIMMERMAN.

(Filed 21 December, 1927.)

APPEAL by plaintiffs from *Parker, J.,* at July Term, 1927, of BUN-COMBE. Affirmed.

*J. Edward Swain and R. Sidney King for plaintiffs.*
*Kitchin & Kitchin and Douglass & Douglass for defendant.*

PER CURIAM. This was a civil action heard in the court below before his Honor, Raymond G. Parker, in which the plaintiffs were seeking injunctive relief against the defendant to prevent him from using the property known as Lots 8, 9 and 10 of Block "A," which defendant had platted and subdivided for commercial purposes. The court below was of the opinion that plaintiffs were not entitled to relief and entered judgment accordingly dismissing the action, from which the plaintiffs appealed to this Court. In this we think there was no error.

Mrs. Janie C. Kimberly owned a tract of land in Buncombe County, North Carolina, containing 8.45 acres, of which she had a plat made showing a subdivision of a portion of the tract into building lots and

CROW v. ZIMMERMAN.

another portion constituting nearly one-half of the tract and fronting on a main commercial thoroughfare (State Highway No. 20, being an extension of Merrimon Avenue), not subdivided. Thereafter she sold and conveyed all the property which had been platted and divided into lots. In the deeds conveying these lots there were covenants restricting the use of thirty-five of said lots, and in the deeds conveying fifteen and a fraction lots there were no covenants of restriction. On the plat recorded by Mrs. Kimberly in the office of the register of deeds for Buncombe County in Plat Book 5, at page 8, there are forty-four numbered lots and two un-numbered lots and one tract marked "H. H. Brown," *and another tract, perhaps over one-third of her acreage, which included the locus in quo, un-numbered, not subdivided,* showing no measurements, no building lines and nothing to indicate the area of the same, and on said plat there is no suggestion that this tract is subject to any restrictions, nor does it appear that the H. H. Brown lot is made subject to restrictions, although embraced within the recorded plat. There were certain recitals, restrictions, etc., in the deed dated 14 February, 1925, and duly recorded, from Mrs. Janie C. Kimberly to plaintiffs for lots Nos. 38 and 39 and the western twenty feet of lot 40, according to the plat. The contract of sale between Mrs. Kimberly and Zimmerman *et al.* was dated 20 February, 1926, and described the property by metes and bounds and added the following: "Being a part of the land shown on plat of record in the office of the register of deeds for Buncombe County, North Carolina, in Plat Book 5, at page 8," but does not set out or refer to the restrictions. This piece of land was subdivided by defendant and the lots 8, 9 and 10 in Block "A" are the subject of the controversy.

The appeal presents the question whether the defendant in this action is bound by the restrictive covenant contained in the deed to the plaintiffs, there being no such covenant in the deed to defendant and no reference to it, nor does such covenant or reference appear in any deed constituting the defendant's chain of title, both claiming under a common source.

Defendant is not bound by the recitals, restrictions, etc., set forth in deed to plaintiffs, under the facts and circumstances of this action. *Homes Co. v. Falls,* 184 N. C., p. 426; *Davis v. Robinson,* 189 N. C., p. 589; *Bailey v. Jackson-Campbell Co.,* 191 N. C., p. 61; *Ivey v. Blythe,* 193 N. C., p. 705. The judgment of the court below is

Affirmed.